UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JORGE BRAVO, Individually and on Behalf of All Others Similarly Situated,** § § § | | |
| **Plaintiff,** § | | |
| § | **CIVIL ACTION NO. 4-11-CV-03966** | |
| **V.** § | | |
| § | **JURY TRIAL DEMANDED** | |
| **KEYS PROPERTY MANAGEMENT ENTERPRISE, INC. D/B/A KEYS ENTERPRISE and KAREN V. HEADRICK.** § § § § | | |
| § | | |
| **Defendants.** § | | |

### PLAINTIFF'S EMERGENCY MOTION TO COMPEL DISCOVERY & EXTEND DEADLINE TO FILE MOTION FOR CLASS CERTIFICATION

NOW COMES Plaintiff Jorge Bravo, Individually and on Behalf of All Others Similarly Situated (hereinafter referred to as "Plaintiff") and files Plaintiff's Motion to Extend Deadline to File Motion for Class Certification & Compel Discovery against Keys property Management Enterprise, Inc. d/b/a Keys Enterprise and Karen V. Headrick (hereinafter collectively referred to as "Keys") and respectfully shows unto the Court as follows:

### INTRODUCTION

This case concerns an action under the Fair Labor Standards Act ("FLSA"). Defendants manage commercial and residential properties throughout the United States, including numerous properties in Texas. Defendants employ hourly paid maintenance workers, such as the Plaintiff, at all of the properties it manages to perform repairs, clean and other miscellaneous maintenance work.

Plaintiff was required to perform work off-the-clock for which he was not compensated. Specifically, Defendants required the Plaintiff to perform work before his shift began, during lunch breaks, in the evening after regular office hours and during weekends, but failed to

compensate him whatsoever for those hours.  Furthermore, Defendants required Plaintiff to remain "on call," but failed to compensate him for these hours as well.

Plaintiff now seeks to have this action certified as a collective action.  Plaintiff's counsel has requested that Defendants provide them with dates of availability for the deposition of Keys's corporate representative with the most knowledge regarding the topics identified below. Plaintiffs also intend to take the deposition of Plaintiff's local supervisor.   Furthermore, Plaintiff's counsel has asked Defendants to provide them with a list of its hourly paid maintenance workers for the last three years up to the present prior to class certification.  Finally, because the deadline to file Plaintiff's motion for class certification is May 1, 2012, Plaintiff's counsel has asked Defendants to extend the deadline to allow for the aforementioned discovery.

Defendants have declined all of Plaintiff's aforementioned requests.  Defendants argue that because this Court denied bifurcating discovery, that Plaintiffs are now unable to conduct any discovery prior to filing its motion for class notice.  No such order from this Court has been issued.  Plaintiffs are entitled to take the deposition of Keys's corporate representative at any time prior to the discovery cutoff deadline pursuant to Rule Fed. R. Civ. P. 30(b)(6).  Furthermore, a putative class list is routinely granted pre certification in FLSA cases.  Finally, to allow time for the aforementioned discovery, Plaintiff asks this court to extend its deadline to file its motion for class notice.

## **ARGUMENT & AUTHORITIES**

Discovery is intended to allow the parties to discover the facts of the case, documents relevant to the case, and other information relevant to the lawsuit.  Courts have observed that discovery serves many important functions.  Namely, to avoid prejudicial surprise, *Brown Badgett, Inc. v. Jennings*, 842 F. 2d 899, 902 (6th Cir. 1988); to narrow the parties' theories of liability and defenses, *02 Micro Int'l v. Monolithic Power Sys.*, 467 F. 3d 1355, 1365 (Fed Cir.

2

2006); to give the parties' full knowledge of the facts so they can prepare for trial, *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F. 2d 230, 236 (2nd Cir. 1985); and to prevent delays at trial. *Burns v. Thiokol Chem. Corp.*, 483 F. 2d 300, 304 (5th Cir. 1973).  Most importantly, discovery also requires that attorneys cooperate to identify and fulfill legitimate discovery needs and avoid costs and burdens disproportionate to what is at stake in litigation. *Mancia v. Mayflower Textile Servs.*, 253 F.R.D. 354, 357-58 (D.Md.2008).

**A. This Court denied Defendants' request to bifurcate discovery.  As such, the parties are allowed to conduct discovery any time prior to the Court's discovery deadline.**

This Court held a scheduling conference on February 14, 2012.  At the scheduling conference Keys asked the Court to bifurcate discovery.  Specifically, Keys proposed that discovery tailored to pre certification issues take place prior to Plaintiff filing his motion and any additional discovery to take place after certification.  This Court rejected Keys's request and issued a Scheduling Order (Doc. No. 15), which set a discovery cutoff deadline for April 1, 2013.  As such, the parties are permitted to conduct discovery at any time prior to the deadline.

Keys argues that because Plaintiff's counsel contested bifurcating discovery, it waived its right to conduct any pre certification discovery.  Key's position has no basis.  This Court's scheduling order does not limit the plaintiff's right to conduct pre certification discovery.  In fact, discovery as Keys now proposes would result in an even more restrictive discovery plan than it requested at the scheduling conference. That is, Keys now proposes that discovery not be allowed whatsoever prior to class certification. First, this contradicts this Court's Order as discussed.  Further, Plaintiff opposed bifurcating discovery so he would be free to conduct discovery or move for class notice when as he deemed appropriate.  Plaintiff never intended to limit their right to conduct discovery.  Bifurcating discovery as Keys proposed would have resulted in duplicative efforts, for example, the need to take multiple depositions of the Plaintiff

3

and Keys's corporate representative.  The only limit on discovery set by this Court is that it take place prior to April 1, 2013.

### B. Plaintiff is entitled to take the deposition of Keys's corporate representative.

The plaintiff is entitled to take the deposition of Keys's corporate representative pursuant to Fed. R. Civ. P. 30(b)(6). As the court in *Salter* held, "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979).  This is a basic right and Keys has failed to give Plaintiff's counsel a reason why it cannot comply with the rules of discovery. Keys will likely argue that the Plaintiff cannot take the deposition of Keys's corporate representative pre certification because he failed to indicate so in his Joint Discovery Case Management Plan ("JDCMP").  A JDCMP is a *preliminary proposal* submitted by the parties to the Court.  Cases are fluid in nature and require flexibility.  As such, parties and courts customarily modify scheduling orders as cases progress to compensate for unforeseen issues. Nevertheless, Plaintiff did not state that it would not conduct depositions prior to class certification, and Keys cannot point to any limiting language stating so.  Accordingly, this Court should compel Defendants to comply with discovery and present its corporate representative for deposition pre certification on the following subjects:

1. The number of hourly paid maintenance workers in Texas;
2. The general type of work performed by the maintenance workers;
3. The location of such workers and the properties they maintain;
4. How Defendant compensates maintenance workers in Texas;
5. Whether Defendant requires such maintenance workers to be "on call" outside of their normal work schedule;
6. How Defendant tracks the hours worked by maintenance workers in Texas;

4

7. How many maintenance workers are assigned to work at each property and the sizes of each property;

8. Paperwork that is created and maintained by Defendant when maintenance workers perform work in the evenings or on the weekends;

9. Defendant's policy on compensating maintenance workers when they work on the weekends or in the evenings outside of the normal work schedule;

10. To the extent Defendant raises the affirmative defense of good faith, the witness should have knowledge regarding Defendant's efforts to comply with the FLSA;

11. Defendant's practices and policies on retaining payroll records such as time sheets and pay checks; and

12. Defendant's denials and admissions to the averments in Plaintiff's Original Complaint.

**C. The discovery of the class list prior to certification is routine in FLSA collective action litigation.**

Plaintiff's counsel has requested that Keys produce a list of all its hourly paid apartment maintenance workers throughout Texas that it employed three years before the lawsuit was filed up to the present. Defendants are opposed to producing this list. Courts throughout the country have routinely ordered discovery regarding the identities of the class members prior to class certification. *See, e.g., Sedtal v. Genuine Parts Co.*, No. Civ. A. B-08-413, 2009 WL 2216593 (E.D. Tex. Jul. 23, 2009); *Yoakum v. PBK Architects, Inc.*, No. Civ. A. H-10-278, 2010 WL 4053956 (S.D. Tex. Oct. 14, 2010); *Guan Ming Lin, et al. v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504 (S.D. N.Y. 2010); *Morden v. T-Mobile USA, Inc.,* No. Civ. A. C05-2112 RSM, 2006 U.S. Dist LEXIS 42047, 2006 WL 1727987 at *6-7 (W.D. Wash. June 22, 2006); *Morales v. Plantworks, Inc.,* No. Civ. A. 05-2349(DC), 2006 U.S. Dist. LEXIS 4267, 2006 WL 278154 at *6 (S.D.N.Y. Feb.1, 2006)(citing *Sperling* and ordering production of information about potential opt-ins after denying conditional certification); *Flores v. Osaka Health Spa, Inc.,* No. Civ. A. 05-962VMKNF, 2006 U.S. Dist. LEXIS 11378, 2006 WL 695675 at *9 (S.D.N.Y. Mar.

16, 2006); *Acevedo v. Ace Coffee Bar, Inc.,* 248 F.R.D. 550, 553-554 (N.D.Ill.2008); *Fei v. WestLB AG,* No. Civ. A. 07-8785(HB)(FM), 2008 U.S. Dist. LEXIS 33310, 2008 WL 594768 at *5-6 (S.D.N.Y. Apr. 28, 2008)(citing *Hoffman-La Roche Inc. v. Sperling,* 493 U.S. 165, 170, 110 S. Ct. 482, 107 L.Ed.2d 480 (1989) and other cases for the proposition that conditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members); *Stillman v. Staples, Inc.,* No. Civ. A. 07-849(KSH), 2007 U.S. Dist. LEXIS 58873 at *2-3 (D.N.J. Jul. 30, 2007)(citing numerous cases and for the proposition that discovery aimed at gathering information about whether similarly situated plaintiffs exist is relevant and the proper topic for an interrogatory even before the collective action is certified).

Notably, Judge Heartfield in *Sedtal v. Genuine Parts Co.,* No. Civ. A. B-08-413, 2009 WL 2216593 (E.D. Tex. Jul. 23, 2009) compelled the employer to produce discovery as to the identities of the potential class members prior to class certification. *Id.* at *7. Judge Heartfield noted that there were numerous cases throughout the country that allow for the discovery of the identities of the class members prior to certification. *Id.* at *6-*7. Judge Heartfield stated as follows:

> Given the remedial purpose of the FLSA and the Court's broad discretion under Rule 26, the Court finds that Plaintiffs' discovery requests for information about employees who were disciplined for altering time records in the last three years are relevant and appropriate at this stage of the litigation. *See Sperling,* 493 U.S. at 168-70; Fed. R. Civ. P. 26.
>
> **\*7** Allowing Plaintiffs to discover this information at this time may help them demonstrate that a sufficient number of similarly situated plaintiffs exist to conditionally certify the action. *See Fei,* 2008 U.S. Dist. LEXIS 33310, at *5, 2008 WL 594768. Conversely, it may underscore inadequacies in the group of potential plaintiffs. *See Detho v. Asia Bilal,* No. H-07-2160, 2008 U.S. Dist. LEXIS 57133, at * 7, 2008 WL 2962821 (S.D. Tex. July 29, 2008)(in a case that Plaintiffs' counsel should recall, conditional certification denied when court ordered defendants to provide plaintiff with identities of employees over preceeding three years and plaintiff still could not provide proof that any specific putative class member was interested in joining the suit). Either way, ordering discovery at this early stage will provide more certainty about the merits of the proposed class at the

time certification is considered.

*Id*. at *6-*7.

Furthermore, in *Yoakum v. PBK Architects, Inc*., No. Civ. A. H-10-278, 2010 WL 4053956 (S.D. Tex. Oct. 14, 2010), Judge Miller stated as follows:

> the court notes that some courts have required precertification disclosure of contact information to "help [plaintiffs] demonstrate that a sufficient number of similarly situated plaintiffs exist to conditionally certify the action." *Sedtal v. Genuine Parts Co.,* No. 08–Civ.–413, 2009 WL 2216593, at *7 (E.D.Tex. July 13, 2009); *see also Whitehorn v. Wolfgang's Steakhouse, Inc.,* No. 09 Civ. 1148, 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010) (collecting cases granting motions to compel precertification disclosure of contact information). The court encourages the parties to meet and confer regarding Yoakum's discovery requests relating to the names, addresses, and phone numbers of the other CSRs in light of these authorities.

*Id*. at *6. Ultimately, Judge Miller noted that the class list is relevant so that the plaintiff can have sufficient discovery as to whether the employees are "similarly situated" for purposes of class notice: "[w]ithout this information, he will be unable to make a sufficient showing under the third prong of the conditional certification standard in this district. This result is contrary to the broad remedial nature of the FLSA." *Id*. at *6.

Finally, as Rule 26 states, "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things **and the identity and location of persons who know of any discoverable matter**. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Clearly, the class list contains the identity and location of persons who know of discoverable matters such as: the

7

Plaintiff's job duties, the hours worked by Plaintiff, Defendants' pay policy, the FLSA wage violations alleged in this lawsuit, and the identity and location of other similarly situated maintenance workers like the Plaintiff.

Given the authorities cited above, the discovery requested by the Plaintiff is not extraordinary or in some way prejudicial to Keys. This discovery is routine in FLSA cases in both the Eastern and Southern Districts of Texas. Keys has not communicated any persuasive argument, in fact no reason whatsoever to Plaintiff's counsel, as to why the Court should deny compelling this information.

### D. The Court should extend Plaintiff's deadline to file his motion for class notice.

Plaintiff has requested that this Court compel defendants to present a corporate representative for deposition prior to class notice. Furthermore, Plaintiff has requested this Court to compel Defendants to produce a list of the putative class prior to class certification, which will likely take defendants some time to gather and produce in readable format. In a minute entry order, this Court set a deadline for Plaintiff to file his motion for class notice on May 1, 2012. Because Plaintiff's deadline is approaching, Plaintiff now requests that this Court extend the deadline to file his motion for class notice. Moreover, Plaintiff's counsel served written discovery to the Defendants on April 12, 2012. As such, Plaintiff will need at least 30 days to review the discovery responses once received, prior to taking the corporate representative's deposition. As such, Plaintiff requests this Court to extend the deadline to file his motion for class notice to **July 30, 2012**. Said request will not prejudice Defendants. The requested deadline extension will not affect any other deadlines and ample time would be left to conduct post certification discovery.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel Discovery & Extend Deadline to file its motion for class notice should be granted. Plaintiff respectfully requests that this Court set an emergency hearing regarding this motion, and grant Plaintiff any other relief he may be entitled to in law or in equity.

                                                Respectfully submitted,

                                                KENNEDY HODGES, L.L.P.

                                                By:   /s/ Galvin B. Kennedy_____
                                                          Galvin B. Kennedy
                                                          State Bar No. 00796870
                                                          Federal Bar No. 20791
                                                          711 West Alabama St.
                                                          Houston, TX 77006
                                                          Telephone: (713) 523-0001
                                                          Facsimile: (713) 523-1116

                                              ATTORNEY-IN-CHARGE FOR
                                              PLAINTIFF & CLASS MEMBERS

OF COUNSEL:
Ricardo J. Prieto
State Bar No. 24062947
Federal Bar No. 1001658
KENNEDY HODGES, L.L.P.
711 West Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that he conferred with counsel for Defendants in good faith on April 12, 2012 and April 15, 2012, but was unable to resolve this dispute. Defendants are opposed to this motion to compel and extend deadline.

    /s/ Ricardo J. Prieto_____
Ricardo J. Prieto

**CERTIFICATE OF SERVICE**

This is to certify that on April 19, 2012 a true and correct copy of the foregoing instrument has been served to all counsel for parties in this case via electronic, via facsimile, hand delivery and/or certified mail, return receipt requested.

    /s/ Ricardo J. Prieto_____
Ricardo J. Prieto